IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-274-D
No. 5:15-CV-559-D

| | |
|---|---|
| RODERICK MARCELL AVENT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On October 21, 2015, Roderick Marcell Avent ("Avent") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 46-month sentence [D.E. 28]. On January 29, 2016, the government moved to dismiss Avent's motion and filed a supporting memorandum [D.E. 38, 39]. On February 19, 2016, Avent responded in opposition [D.E. 42]. On February 25, 2016, the government replied [D.E. 43]. As explained below, the court grants the government's motion to dismiss.

I.

Avent is a violent recidivist and validated gang member. See Presentence Investigation Report ("PSR") [D.E. 20] ¶¶ 8–19. On March 11, 2015, Avent pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. See [D.E. 19]; Rule 11 Tr. [D.E. 44] 11–17. On June 16, 2015, the court conducted Avent's sentencing hearing and calculated his advisory guideline range as 37 to 46 months' imprisonment based on a criminal history category of IV and a total offense level of 17. See Sentencing Tr. [D.E. 41] 1–5. The government moved for an upward departure under U.S.S.G. § 4A1.3, but the court denied the motion. See id. 5–12. After considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Avent's

allocution, the court sentenced Avent to 46 months' imprisonment. See id. 22–28. At the end of the sentencing hearing, the court advised Avent of his right to file a notice of appeal. See id. 27. Avent did not file a notice of appeal.

Under U.S.S.G. § 2K2.1(a)(4)(A), the court applies a base offense level of 20, if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A). On June 16, 2015, at Avent's sentencing, the court relied on section 2K2.1(a)(4)(A) and Avent's North Carolina common law robbery conviction to calculate a base offense level of 20. See PSR ¶¶ 19, 40; cf. U.S.S.G. § 2K2.1, App. Note 1 (defining "crime of violence" via a cross-reference to "[U.S.S.G.] § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2"). On June 26, 2015, the Supreme decided Johnson v. United States, 135 S. Ct. 2551 (2015), which was within Avent's 14-day appeal period.

On October 21, 2015, Avent filed a pro se motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel. See [D.E. 28]. According to Avent, his counsel should have sua sponte filed a notice of appeal, cited Johnson, and argued to the Fourth Circuit that the Fourth Circuit should extend Johnson to Avent's North Carolina common law robbery conviction. See [D.E. 28-1] 1–7; see also United States v. Gardner, No. 14-4533, 2016 WL 2893881, at *5–8 (4th Cir. May 18, 2016) (conviction for North Carolina common law robbery does not qualify under "force clause" of 18 U.S.C. § 924(e)(2)(B)(i)). According to Avent, if counsel had done so, the Fourth Circuit would have extended Johnson and held that his common law robbery conviction does not fall within the definition of "crime of violence" in U.S.S.G. § 4B1.2 and Application Note 1 to section 4B1.2 and remanded for resentencing. Furthermore, on remand, Avent contends that this court would have sentenced Avent to a prison term shorter than 46 months. See [D.E. 28-1] 1–7.

2

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart,

3

474 U.S. 52, 56–57 (1985); Fields v. Attorney Gen., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 687, 691–96; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Counsel need not file baseless motions or "raise every available nonfrivolous" argument to provide effective representation. See Knowles v. Mirzayance, 556 U.S. 111, 126–27 (2009). Rather, counsel's "reasonable appraisal of a claim's dismal prospects for success" is reason enough not to raise it. Id. at 127. Moreover, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

The Sixth Amendment imposes a duty upon counsel "to consult with the defendant concerning whether to appeal when counsel has reason to believe . . . '(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)); accord United States v. Cooper, 617 F.3d 307, 312–14 (4th Cir. 2010); Miller

4

v. United States, 150 F. Supp. 2d 871, 880–81 (E.D.N.C. 2001). The Supreme Court has "defined the term 'consult' to mean 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'" Miller, 150 F. Supp. 2d at 879 (quoting Flores-Ortega, 528 U.S. at 478). "In cases where the attorney consulted with petitioner about an appeal, the attorney 'performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" Id. (quoting Flores-Ortega, 528 U.S. at 478); see United States v. Peak, 992 F.2d 39, 41–42 (4th Cir. 1993).

A party also must show that counsel's deficient performance prejudiced the party. See Strickland, 466 U.S. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694; see Hill, 474 U.S. at 59.

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695. When analyzing an ineffective-assistance-of-counsel claim, a court may also rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

The government argues that this court should dismiss Avent's motion because Avent has not plausibly alleged deficient performance or prejudice. As for performance, an attorney's failure to anticipate a new rule of law does not support an ineffective assistance of counsel claim. See, e.g., United States v. McNamara, 74 F.3d 514, 516–17 (4th Cir. 1996) (collecting cases); Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995) (collecting cases). Furthermore, counsel need not make every available non-frivolous argument. See Knowles, 556 U.S. at 126–27.

To date, the Fourth Circuit has not extended Johnson to invalidate the residual clause in U.S.S.G. § 4B1.2(a)(2). See United States v. Coulter, No. 14-4271, 2016 WL 3595706, at *1 n* (4th

5

Cir. July 5, 2016) (per curiam) (unpublished). Moreover, even after Johnson, Avent's counsel acted reasonably in concluding that Avent's common-law robbery conviction was a "crime of violence" under Application Note 1 to section 4B1.2, which defines "crime of violence" to include "robbery." See U.S.S.G. § 4B1.2, Application Note 1; United States v. Jenkins, No. 15-14809, 2016 WL 3101281, at *6 n.7 (11th Cir. June 3, 2016) (per curiam) (unpublished); United States v. Kornegay, No. 15-427-CR, 2016 WL 877950, at *4 (2d Cir. Mar. 8, 2016) (per curiam) (unpublished); United States v. Williams, No. 5:15-CR-31-BO, 2016 WL 1451533, at *1–2 (E.D.N.C. Apr. 12, 2016) (unpublished); cf. Stinson v. United States, 508 U.S. 36, 38 (1993) (noting that "commentary in the Guideline Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline"). Thus, when counsel failed to sua sponte file a notice of appeal, counsel did not perform deficiently.

As for prejudice, Avent argues that if his counsel filed an appeal and relied on Johnson, then the Fourth Circuit would have extended Johnson to U.S.S.G. § 2K2.1(a)(4)(A), and Avent would have prevailed on appeal. Moreover, according to Avent, on remand, this court would have given him a shorter sentence than 46 months due to a lower advisory guideline range.

The court rejects Avent's argument. Even if Avent prevailed on appeal and the matter were remanded, this court would impose the same 46-month sentence as an alterative variant sentence. See United States v. Gomez-Jimenez, 750 F.3d 370, 382 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012). As discussed at length at Avent's sentencing hearing, Avent is a violent gang member with four breaking and entering convictions and a common law robbery conviction. See Sentencing Tr. 22–24; PSR ¶¶ 8–19. Moreover, Avent has a serious substance abuse problem. See PSR ¶¶ 33–34. Furthermore, although Avent was 25 years old when sentenced,

6

Avent has also never held a job in his life. See Sentencing Tr. 24–26; PSR ¶¶ 35–36. Accordingly, a 46-month sentence remains the sentence that is sufficient but not greater than necessary. See 18 U.S.C. § 3553(a). Additionally, such a 46-month sentence would be procedurally and substantively reasonable. See, e.g., United States v. Diosdado-Star, 630 F.3d 359, 365–67 (4th Cir. 2011); United States v. Evans, 526 F.3d 155, 161–66 (4th Cir. 2008). Here, Avent has not plausibly alleged that, but for his attorney's alleged error, there is a reasonable probability he would have prevailed on appeal and received a shorter sentence on remand. Cf. Lafler, 132 S. Ct. at 1386; Glover, 531 U.S. at 203–04. He would not. Accordingly, Avent's ineffective assistance of counsel claim fails.

Alternatively, Avent cannot use section 2255 and Johnson to attack retroactively his advisory guideline range. Such a claim is not cognizable under section 2255. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999); see also Whiteside v. United States, 775 F.3d 180, 183–87 (4th Cir. 2014) (en banc); Spencer v. United States, 773 F.3d 1132, 1138–44 (11th Cir. 2014) (en banc).

After reviewing the claims presented in Avent's motion, the court finds that reasonable jurists would not find the court's treatment of Avent's claims debatable or wrong and that none of the claims deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 38], DISMISSES Avent's section 2255 motion, DENIES a certificate of appealability, and DENIES as moot Avent's motion to hold in abeyance [D.E. 37].

7

SO ORDERED. This 18 day of July 2016.

                                                 JAMES C. DEVER III
                                                 Chief United States District Judge